IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Angela Elmore, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 3829 |
| Asset Acceptance, LLC, a Delaware limited liability company, Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, and National Enterprise Systems, Inc., an Ohio corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Angela Elmore, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, a) one Defendant is headquartered here, one has an office here, and all reside and transact business here.

**PARTIES**

3. Plaintiff, Angela Elmore ("Elmore"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed for a

Gateway Computer account, which was then allegedly owed to a bad debt buyer, Asset Acceptance, LLC. These collection actions took place despite the fact that she had told the Defendants that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including "Legal offices" in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, <u>see</u>, printout from Asset's web site, attached as Exhibit <u>A</u>. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as the other Defendants.

6. Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois limited liability company that, from its headquarters in Chicago, Illinois, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LERS was acting as a debt collector, as that term is

defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.     Defendant, National Enterprise Systems, Inc. ("NES"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NES operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NES was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8.     Defendants Asset, LERS and NES are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit B. In fact, Defendants Asset, LERS and NES all conduct business in Illinois.

9.     Moreover, Defendants Asset and LERS and NES are each licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit C. In fact, Defendants Asset, LERS and NES all act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10.    Ms. Elmore is low income consumer, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Gateway Computer account. At some point in time after that debt became delinquent, Defendant Asset bought Ms. Elmore's Gateway Computer account. When Defendant Asset began trying

3

to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Asset's collection actions.

11.     Accordingly, on June 11, 2008 and November 9, 2009, one of Ms. Elmore's attorneys at LACD informed Defendant Asset, in writing, that Ms. Elmore was represented by counsel, and directed Asset to cease contacting her and resolve the debt solely through her attorneys at LACD because Ms. Elmore was forced, by her financial circumstances, to work out a payment plan.  Copies of these letters and fax confirmations are attached as Exhibits D and E, respectively.

12.     Nonetheless, despite being advised that Ms. Elmore was represented by counsel, Defendant Asset sent Ms. Elmore a collection letter, dated July 30, 2010, which demanded payment of the Gateway Computer debt.  A copy of this letter is attached as Exhibit F.

13.     Moreover, Defendants Asset and LERS then sent Ms. Elmore collection letters, dated September 30, 2010 and November 8, 2010, which demanded payment of the Gateway Computer debt.  Copies of these letters are attached as Exhibits G and H, respectively.

14.     Additionally, Defendants Asset and NES then sent Ms. Elmore a collection letter, dated January 3, 2011, which demanded payment of the Gateway computer debt.  A copy of this letter is attached as Exhibit I.

15.     Defendants' collection actions complained of herein (Exhibits F through I) occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letters (Exhibits D and E) from Ms. Elmore's attorney, LASPD, told Defendants to cease communications.  By continuing to communicate directly with Ms. Elmore regarding this debt (Exhibits F through I), Defendants violated § 1692c(c) of the FDCPA.

20.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Ms. Elmore was represented by counsel in connection with her debts because her attorneys at LASPD

had informed Defendant Asset, in writing (Exhibits D and E), that Ms. Elmore was represented by counsel, and had demanded a cessation of communications with Ms. Elmore. By sending collection letters directly to Ms. Elmore (Exhibits F through I), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Angela Elmore, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Elmore, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angela Elmore, demands trial by jury.

                Angela Elmore,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: June 6, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com